FILED'09 APR 06 12:39USDC-ORP

MICHAEL F. HERTZ
Acting Assistant Attorney General
KARIN J. IMMERGUT
United States Attorney
RON SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
Trial Attorney
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648; (415)-436-6647
Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov; eric.kaufman-cohen@usdoj.gov

Attorneys for Plaintiff,
United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>EMPRESS OF THE NORTH (O.N. 1140867), its boilers, engines, machinery, masts, spares, bunkers, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, *etc.*, *in rem*, and EN BOAT LLC, *in personam*,<br><br>                    Defendants. | IN ADMIRALTY<br><br>Civil No.: 08-cv-01083-ST<br><br>STIPULATED ORDER FOR INTERLOCUTORY SALE OF VESSEL |

Pursuant to the consents of the undersigned counsel:

1. WHEREAS, the defendant vessel EMPRESS OF THE NORTH, Official No. 1140867 (the "Vessel") having been arrested pursuant to process issued by this Court in Case Number 08-01083 ST; and the owner of the Vessel, EN BOAT LLC, having failed to file a claim and answer on behalf of the Vessel pursuant to Supplemental Admiralty Rule C(6) of the Fed. R. Civ. P., and further, defaults having been entered against defendant EN Boat LLC *in personam* and the defendant Vessel *in rem* on November 26, 2008, and no person or entity having sought release of the Vessel pending the action pursuant to the procedures set forth in Supplemental Admiralty Rule E(5) of the Fed. R. Civ. P.; and *custodia legis* fees and administrative expenses for the Vessel having been accruing, which expenses will reduce the amount of sale proceeds available to satisfy maritime lien claims; and the Vessel being subject to normal and unavoidable deterioration, decay, and injury by being detained in custody pending outcome of the action, it is hereby:

2. ORDERED, pursuant to Supplemental Admiralty Rule E(9)(b) of the Fed. R. Civ. P., that the defendant Vessel, her engines, boilers, lockers, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances, *etc.*, whether on board or not, and any and all additions, improvements, and replacements thereto shall be sold at public auction by the Marshal for the United States District Court, District of Oregon (the "Marshal"), as is, where is, free and clear of any claims, liens, maritime liens, rights *in rem*, rights of redemption, or encumbrances whatsoever, on the notice as below further described; and it is further,

3. ORDERED that the sale of the defendant Vessel shall *not* include the artwork removed from the Vessel and currently being stored by the Court appointed substitute custodian of said artwork, Art Work Fine Art Services, the Court retaining jurisdiction over

the artwork pending further disposition by the Court; and it is further,

4.  ORDERED that the sale of the defendant Vessel shall *not* include the two spare propellers currently being stored by American West Steamboat Company, LLC, at Cascade General's facility in Port, Oregon, the Court reserving, without prejudice to the parties, determination of the issue of *in rem* jurisdiction and maritime lien rights pertaining to the said two spare propellers; and it is further,

5.  ORDERED that the sale of the defendant Vessel shall *not* include the inventory items listed in Exhibit A to this Stipulated Order. Said inventory items are to be removed from the defendant Vessel prior to the sale of the Vessel and will be stored by the substitute custodian, Vigor Marine, LLC, the Court retaining jurisdiction over said inventory items pending disposition by the Court. The cost of removal and storage of said inventory items shall be reimbursed to the United States from the sale proceeds of the vessel as payment for *custodia legis* expenses; and it is further,

6.  ORDERED that, pursuant to Local Rule of Court 1050.1, the Marshal be directed to give notice of public sale of the defendant Vessel by advertising same in the Daily Journal of Commerce for a total of four (4) consecutive days prior to the date of sale, Saturdays, Sundays, and legal holidays excluded; and it is further,

7.  ORDERED that all charges incurred by the Marshal and the United States for the advertisement of sale, as specified above, shall be expenses of sale and administrative costs herein; and it is further,

8.  ORDERED that the form of Notice of Sale of the Vessel, attached hereto as Exhibit B, is hereby approved; and it is further,

9.  ORDERED that the Marshal shall, upon reasonable notice and after the signing of a hold harmless agreement in favor of the Marshal, allow prospective purchasers of the Vessel to board the Vessel at their own risk for purposes of reasonable inspection thereof;

and it is further,

10.   ORDERED that the sale of the Vessel shall be conducted before the Marshal on the steps of the United States Courthouse, 740 Mark O. Hatfield, 1000 Southwest Third Avenue Portland, OR 97204-2802, commencing at 10:00 a.m. on the 14th day of May, 2009; and it is further,

11.   ORDERED that the sale of the Vessel shall be conducted in the following manner:

(a)   Sale shall be to the highest and best bidder who, pursuant to applicable laws, is eligible to purchase and own said vessel, including without limitation 46 U.S.C. § 31329, as implemented by Federal Regulation;

(b)   All bidders will be expected to register with the Marshal before the sale;

(c)   Potential bidders unable to be physically present at the sale may make arrangements with the Marshal to submit a bid during the auction by telephone, pursuant to procedures and limitations that the Marshal may establish, provided that such bidder has on deposit with the Marshal cash (United States currency) or cashier's check issued by a member bank of the Federal Reserve System an amount equal to 10% (ten percent) of its bid, which funds will be returned if the depositor is not the successful bidder;

(d)   Prospective bidders are to be informed at the beginning of the sale that only valid bids may be made, and that anyone bidding without the ability to meet the requirements of this Order or any applicable statute, or who disrupts the sale, will be considered to be in violation of an Order of the Court, and will be subject to appropriate sanctions, including, but not limited to, the costs of the sale, any resale, and any additional *custodia legis* administrative expenses incurred as a result of said actions;

(e)   Subject to the provisions of Paragraph (f) below, and pursuant to Local Rule 1045.2, the highest and best bidder at the sale shall be required to deliver to the Marshal at

the time of said sale, by cash or cashier's check issued by a member bank of the Federal Reserve System a deposit amounting to at least 10% (ten percent) of the successful amount of the bid on the Vessel, the balance to be paid in cash (United States currency) or cashier's check issued by a member bank of the Federal Reserve System to the Marshal within three (3) days thereafter, Saturdays, Sundays, and legal holidays excluded;

 (f) Notwithstanding any of the foregoing provisions of Paragraph (e) above, or any other paragraph of this Order, plaintiff, United States of America, may credit bid at said sale on the Vessel up to the maximum of its preferred mortgage interest and advances, without being required to deliver any earnest money to the Marshal, said bid being deemed paid in full, for purposes of confirmation of the sale herein, on the date said bid of the United States is made;

 (g) The minimum acceptable bid on the Vessel, whether by cash bid or credit bid, shall be $7,000,000 (seven million dollars);

 (h) After commencement of bidding at an amount equal to or greater than the minimum opening bid, bidding increments thereafter shall be in the amount of $10,000 or more; and it is further,

 12. ORDERED that said sale shall be subject to confirmation of the Court only in the event that written objections are properly and timely filed in accordance with the following provisions set out below. If no such objections are filed, the sale of the Vessel shall be confirmed without necessity of a hearing or further order by this Court; it is further,

 13. ORDERED that if no such objections to sale are filed by the close of business on the third business day following said sale, the Court will issue an order of such confirmation immediately upon ex parte application by the purchaser or any person or party representing the purchaser; it is further,

 14. ORDERED that any party filing an opposition to the sale of the Vessel shall

give immediate notice to all other parties and to the highest bidder and, also, as a condition precedent to filing the said objection, shall secure the Marshal's endorsement upon said opposition documents acknowledging deposit with the Marshal of the necessary custodia legis expenses of keeping the Vessel for at least ten days, including all costs of the Substitute Custodian, wharfage and/or moorage, and costs of Port Risk and Pollution insurance, and, further, shall also advance any further expenses at such times and in such amounts as the Marshal shall request or as the Court orders upon application of the Marshal or one or more of the parties; and it is further,

15. ORDERED that if an objection to sale is filed in accordance with the above requirements, or if the successful bidder at such sale is in default, the Marshal, the objector, the bidder, or a party may move the Court for relief, which motion for relief shall be heard within ten days of filing, upon written notice to the Marshal, the highest bidder, and all parties; and it is further,

16. ORDERED that upon the motion as aforesaid, the Court may confirm such sale, order a new sale, or grant such other relief as justice may require; and it is further,

17. ORDERED that if the United States is the successful bidder, the amount of the Government's successful bid on the Vessel shall be considered as being maintained in a fund or funds in Washington, D.C., by the Department of Transportation, Maritime Administration, said fund to be treated as the proceeds of sale herein pending further orders of the Court; and it is further,

18. ORDERED that if the United States is the successful bidder, based upon its credit bid, or if another bidder is successful and creates a "cash" fund, the respective fund created shall be liable for payment only of *in rem* lien claims, as ordered by the Court, up to the amount of the fund, less authorized *custodia legis* fees, administrative expenses and the Marshal's sale commission. If the United States is the successful bidder, the United States

shall make such payments from the credit bid fund, as ordered by the Court, up to the amount of the fund created by its credit bid, less authorized *custodia legis* fees, and administrative expenses and, in any event, such liability of the United States' credit bid fund or the "cash" fund shall not exceed the amount of the respective fund, less authorized *custodia legis* expenses and administrative fees of the Marshal and of the Vessel's custodian; and it is further,

19. ORDERED that if a party other than the United States is the successful bidder on the Vessel, the proceeds of sale deposited into the Registry of this Court shall be promptly invested by the Clerk of this Court in accordance with the standard practices of the Clerk of the Court, with a bank of the Clerk's choice, such fund to be invested and to be so held and from time to time similarly reinvested as necessary pending further Order of this Court authorizing distribution thereof; and it is further,

20. ORDERED that, subject to Paragraph 4 above, all maritime liens and other interests against the Vessel, *in rem*, properly asserted in this Court in accordance with Orders of this Court, shall attach to the net proceeds of the sale of the Vessel, insofar as any said liens or interests have already attached to the respective *in rem* defendant at the time of the sale ordered herein; and it is further,

21. ORDERED that no party in this proceeding does or shall be considered to have waived, as a result of entry of this Order, any rights to contest the validity, extent, or priority of any maritime lien or claim asserted by any other party or maritime lien claimant; and it is further,

22. ORDERED that this Order herein, which pertains solely to the interlocutory sale of the defendant Vessel, *in rem*, is without prejudice to any and all *in personam* claims, rights, causes of action, and defenses thereto by and between the parties presently before the Court.

IT IS SO ORDERED:

Dated: 4/6/09

_____
UNITED STATES DISTRICT JUDGE

WE HEREBY CONSENT TO ENTRY OF THE FOREGOING ORDER:

Dated: April 2, 2009

    MICHAEL F. HERTZ
    Acting Assistant Attorney General
    KARIN J. IMMERGUT
    United States Attorney
    RON SILVER
    Assistant United States Attorney
    Chief, Civil Division
    R. MICHAEL UNDERHILL
    Attorney in Charge, West Coast Office
    Torts Branch, Civil Division

    s/ ERIC KAUFMAN-COHEN
    ERIC KAUFMAN-COHEN
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    Of Counsel:

    PATRICIA E. BYRNE
    U.S. Dept. of Transportation
    Maritime Administration
    Office of Chief Counsel

    Attorneys for Plaintiff, United States

Dated: April 2, 2009

    SCHWABE WILLIAMSON & WYATT, PC

    s/ C. KENT ROBERTS
    C. Kent ROBERTS

    Attorneys for
    American West Steamboat Company, LLCP

RESENTED BY:

MICHAEL F. HERTZ
Acting Assistant Attorney General
KARIN J. IMMERGUT
United States Attorney
RON SILVER
Assistant United States Attorney
Chief, Civil Division
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division

s/ ERIC KAUFMAN-COHEN
ERIC KAUFMAN-COHEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel:
PATRICIA E. BYRNE
U.S. Dept. of Transportation
Maritime Administration
Office of Chief Counsel
Attorneys for Plaintiff, United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2009, I served a copy of the foregoing STIPULATED ORDER FOR INTERLOCUTORY SALE OF VESSEL by first-class mail, postage prepaid, upon the following party:

En Boat LLC
1071 Camelback Street
Newport Beach, CA 92660-3228

Served Electronically through CM/ECF:

C. Kent Roberts          CKROBERTS@SCHWABE.COM          April 2, 2009


      /s/ Eric Kaufman-Cohen
      ERIC KAUFMAN-COHEN

Summarized

## Housekeeping Durables

| Index # | Item Name |
|---|---|
| | **Linen Twin** |
| 1 | Blanket, Twin White 66x96 Cathedral |
| 2 | Duvet Covers, Twin White 68x88 T300 100% Egyptian Cotton |
| 3 | Mattress Pad, 39x75x15 Twin deep pocket 100% Cotton Cover |
| 4 | Sheet, Twin 76x109 Flat Micro Check |
| | **Linen Queen** |
| 5 | Blanket, Queen White |
| 6 | Duvet Cover, Queen White 90x88 T300 100% Egyptian Cotton |
| 7 | Sheet, Queen Fitted 60x80x15 White Micro Check |
| 8 | Sheet, Queen flat 94x120 White Micro Check |
| | **Pillows** |
| 9 | Pillow Case, Standard 22x27 House Wfe Micro Check White |
| 10 | Pillow Standard, 20x26 Primaloft Down Alternative |
| | **Passenger Terry** |
| 11 | Bath Mats White Double Dobby Magnificence |
| 12 | Shower Curtain 72x72 White Waffle Weave |
| 13 | Shower Curtain 72x72 White Nylon |
| | **Room Supplies** |
| 14 | Make-up mirror vanity stand |
| 15 | Turnkler - Lobby Box |
| 16 | Bed Scarf Full |
| 17 | Bed Scarf Queen |
| 18 | Accent Pillow Twin |

### Bar & Dining Room Durables

| | Item Name |
|---|---|
| | **Dining Room Smallwares** |
| 19 | Peppermill, Monarch 16in high Walnut Finish, Old Thompson - 229-600N |
| 20 | Salt/Pepper Shaker, 1oz Eiffel Tower Glass Chrome Top, Tablecraft - 853S&P |
| 21 | Tea Pot, 10 oz Stainless Gooseneck - Vollrath - 46310 |
| | **Dining Room China** |
| 22 | Bouillon Cup, Stack 7 oz Pristine Giza Undecorated, Homer Laughlin - 6108-0630 |
| 23 | Plate, 5 3/8 B & B Pristine Giza Undecorated, Homer Laughlin - 6108-0533 |
| 24 | Saucer, 5 3/4 Pristine Giza Undecorated, Homer Laughlin - 6108-0655 |
| 25 | Sugar Caddie, Pristine Giza Undecorated, Homer Laughlin - 6108-0511 |
| | **Glassware** |
| 26 | Glass, Water & Tea 12.5oz Libby 15453 (O/W/EN/CO) |
| 27 | Wine Decanter 1L-Glass Libby 97000 |
| 28 | Glass, Red Wine Grand Ballon 13oz Cardinal 71075 |
| 29 | Glass, Irish Coffee Mug Libby 5295 |
| 30 | Glass, Grande Peco 10.5oz Libby 3715 |
| | **Dining Room Linen** |
| 31 | Tablecloth, 90" Round Ivory Premier Solid |
| | **Bar Durables** |
| 32 | Knife, Butter 1 pc 18/20 SS Judliard, Oneida |
| 33 | Hurricane Glasses |
| 34 | Oval Trays Serving |

### Bar & Dining Room Equipment

**BRAND**
**CALLIOPE**

| 35 | Taylor Crown Frozen Yogurt machine |
| 36 | Epson printer - POS printer |
| 37 | WMF bistro espresso machine |

**PADDLE WHEEL**

| 38 | Epson Printer - POS printer |
| 39 | Micros workstation 4 system unit |
| 40 | Epson Printer #2 - POS printer |
| 41 | Micros workstation 4 system unit #2 |

**SHOWROOM**

| 42 | Micros workstation4 system |

**CREW MESSROOM**

| 43 | WMF bistro espresso machine (ex-Contessa) |

### Entertainment Equipment

Item

**Golden Nugget Showroom**

44 wood stools
45 XLR mic cables
46 Galaxy Hot Spot monitor
47 Galaxy Powered Hot Spot monitor
48 Galaxy Powered Hot Spot monitor
49 boom stands
50 extension cords
52 piano light
53 power strip
54 Shure active antennas

**Multicom Room**

55 Crown power amp
56 Crown power amp
57 Shure wireless microphones, Shure Receivers

**Paddlewheel Lounge**

58 Philips portable CD Player
59 Zen mp3 player
60 Yamaha mixer
61 EAW ceiling speakers

## LEGAL NOTICE

### NOTICE OF SALE OF EMPRESS OF THE NORTH

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>EMPRESS OF THE NORTH (O.N. 1140867), its boilers, engines, machinery, masts, spares, bunkers, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, *etc.*, *in rem*, and EN BOAT LLC, *in personam*,<br><br>        Defendants. | ) IN ADMIRALTY<br>)<br>) Civil No.: 08-cv-01083-ST<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLEASE TAKE NOTICE that the following vessel is offered for sale: the defendant Vessel EMPRESS OF THE NORTH, Official Number 1140867, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*.

**DESCRIPTION NOT GUARANTEED -- VESSEL SOLD "AS IS, WHERE IS,"**
**FREE AND CLEAR OF ALL CLAIMS, LIENS, MARITIME LIENS,**
**AND ENCUMBRANCES OF ANY KIND**

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order for Interlocutory Sale of the aforementioned vessel (the "Order for Sale"), the judgment debtor defendant Vessel EMPRESS OF THE NORTH (Official Number 1140867), her engines, apparel, electronics, and appurtenances, *in rem* (hereafter referred to as the "Vessel"), will be sold by the United States District Court at public Marshal's auction to be held on the steps of the United States Courthouse, 740 Mark O. Hatfield, 1000 Southwest Third Avenue Portland,

NOTICE OF SALE OF VESSEL
CIV CASE NO. 08-cv-01083-ST

1

OR 97204-2802, commencing at 10:00 a.m. or as soon thereafter as possible on May 14, 2009 to the best and highest bidder who must be, in any event, a person or entity eligible to own a United States documented Vessel pursuant to 46 U.S.C.§ 31329.

NOTICE IS FURTHER GIVEN that the sale of the Vessel shall *does not* include certain artwork removed from the Vessel and currently being stored by the Court appointed substitute custodian of said artwork, Art Work Fine Art Services. The sale of the vessel does not include certain inventory removed from the vessel, which is currently being stored by the Court appointed substitute custodian, Vigor Marine, pursuant to the Order for Interlocutory Sale and Exhibit "A" thereto.

The minimum opening bid on the Vessel as so described shall be no less than $7,000,000 (seven million). Following the opening bid, bidding increments thereafter shall be in the amount of $10,000, or more. In accordance with LR 1045.2, said bidder is to deposit immediately with the Marshal ten per cent (10%) of the purchase price in cash, U.S. currency, or cashier's check, which sum will be forfeited pursuant to LR 1045.3(b) unless the balance of the price for the vessel is paid within three (3) days after the completion of the auction, excluding Saturdays, Sundays, and legal holidays, the balance to be paid in cash (United States currency), certified check or cashier's check issued by a member bank of the Federal Reserve System to the Marshal within three (3) days thereafter, Saturdays, Sundays, and legal holidays excluded; provided, however, that the United States of America, holder of a Preferred Ship Mortgages on the Vessel, shall be entitled to bid all or part of its mortgage interests at said sale without being required to deliver earnest money, or the balance of the purchase price thereafter, to the Marshal.

In accordance with LR 1045.5, confirmation of the sale shall automatically occur without hearing or order of the Court if no written objections have been filed with said Court within a period of three (3) days following sale of the Vessel, Saturdays, Sundays and legal holidays excluded. If any objections are made, they must be in accordance with LR 1045.5

and LR 1045.6, and all other local rules of court, as well as the foregoing Order for Sale, and must, in any event, be made in writing within the time so stated above. Any objecting party shall, concurrently with the time of filing the objection, serve copies via facsimile, hand delivery or overnight mail of the said objection to all known and interested parties, said parties to include the Marshal, the Substitute Custodian, the highest bidder, and all parties, including the United States of America, the latter by and through its attorney, Eric Kaufman-Cohen, Trial Attorney, Department of Justice, Torts Branch (Admiralty)West Coast and Pacific Rim Office, 7th Floor, Room 7-5395, Federal Bldg., Box 36028, San Francisco, CA 94102, Telephone: (415) 436-6647, Fax: (415) 436-6632.

The Vessel may be inspected upon reasonable notice during weekday business hours and by prior arrangement with the permission of the Substitute Custodian, Vigor Marine, which may be contacted through its representative, Dan Molyneux, at (503) 247-1371. Said persons wishing to inspect the Vessel shall do so solely at their own risk and must sign a hold harmless agreement in favor of the Marshal and Substitute Custodian before boarding. Interested persons are referred to the previously mentioned Order for Sale for specific and additional information concerning the Vessel and additional terms of sale, and to the foregoing attorneys for the United States.

Anyone bidding without the ability to meet the requirements of the Order for Sale or who disrupts the sale will be subject to appropriate sanctions by the Court.

United States Marshal for the
District of Oregon